**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IVELISSE MONTES, on behalf of herself and those similarly situated,<br>10824 Harrow Road<br>Philadelphia, PA 19154<br><br>          Plaintiffs,<br><br>    v.<br><br>BEST BEHAVIORAL HEALTHCARE, INC.<br>5043 Frankford Avenue<br>Philadelphia, PA 19124<br><br>      and<br><br>JOHN DOES 1-10<br><br>       Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER PENNSYLVANIA WAGE ACT AND WAGE PAYMENT AND COLLECTION LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ivelisse Montes (hereinafter "Named Plaintiff"), individually and on behalf of those similarly situated, hereby complains as follows against Defendant Best Behavioral Healthcare, Inc. (hereinafter "Defendant") and Defendants John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.  Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL") (these Pennsylvania laws will be collectively referred to as "Pennsylvania Wage Laws"). Defendants intentionally failed to pay Named Plaintiff and those similarly situated overtime compensation

earned while in their employ.  As a result of Defendants' unlawful actions, Named Plaintiff and those similarly situated have suffered harm.

**JURISDICTION AND VENUE**

2.       The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.       This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.       This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.  This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

5.       Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6.       The foregoing paragraphs are incorporated herein as if set forth in full.

7.       Named Plaintiff Ivelisse Montes is an adult individual with an address as set forth above.

8.       Defendant Best Behavioral Healthcare, Inc. is an entity with an address as set forth above.

9.     Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants failing to pay Named Plaintiff and those similarly situated proper compensation pursuant to the FLSA and the Pennsylvania Wage Laws.

10.    Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and those similarly situated.

11.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants who were non-exempt employees, who were subject to Defendants' unlawful pay practices and policies discussed herein, and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

13.    Named Plaintiff and Collective Plaintiffs are subjected to the same unlawful wage policies and practices of Defendants.

14.    Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed herein.

15.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

16.     There are numerous similarly situated current and former employees of Defendants who Defendants failed to pay an overtime premium for hours worked in excess of forty (40) per workweek, all of whom would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17.     Similarly situated employees (*i.e.*, Collective Plaintiffs) are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated (*i.e.*, "Collective Plaintiffs"), pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19.     The foregoing paragraphs are incorporated herein as if set forth in full.

20.     Named Plaintiff was an hourly employee of Defendants who within the last three years was employed by Defendants.

21.     Collective Plaintiffs were/are hourly employees of Defendants who within the last three years were/are employed by Defendants.

22.     Each paycheck issued to Named Plaintiff provides that she was an hourly employee and was paid an hourly wage.

23.     Each paycheck issued to Collective Plaintiffs reflects that they were/are hourly employees and were/are paid an hourly wage.

24.     Defendants did not designate Named Plaintiff an as exempt employee under federal or state law.

25.     Defendants did/do not designate Collective Plaintiffs as exempt employees under federal or state law.

26.     Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years and have enforced such unlawful policies.

### UNLAWFUL FAILURE TO PAY OVERTIME PREMIUM

27.     The foregoing paragraphs are incorporated herein as if set forth in full.

28.     Defendants employed Named Plaintiff as a Medical Biller from in or around April 2011, through in or around December 2012.

29.     Named Plaintiff's duties included, but were not limited to, completing medical billing paperwork, collections, and communications with insurance companies.

30.     Named Plaintiff's hourly rate was $9.00 when Defendants hired her and $12.00 when Defendants fired her.

31.     Named Plaintiff regularly worked in excess of forty (40) hours for Defendants.

32.     For example:

a.     For the two week pay period ending December 2, 2012, Named Plaintiff worked ninety-five (95) hours;

b.     For the two week pay period ending November 18, 2012, Named Plaintiff worked eighty-five (85) hours; and

c.     For the two week pay period ending November 4, 2012, Named Plaintiff worked eighty-six (86) hours.

33.     Upon information and belief, during at least one workweek in the three year period preceding the filing of this lawsuit, Collective Plaintiffs worked in excess of forty (40) hours for Defendants.

34.     During at least one workweek in the three year period preceding the filing of this lawsuit, Defendants failed to compensate Named Plaintiff at the rate of time-and-one-half her regular rate of pay for each hour that Named Plaintiff worked in excess of forty (40) in a workweek.

35.     For example:

   a.   For the two week pay period ending December 2, 2012, Named Plaintiff worked ninety-five (95) hours and was paid an hourly rate of $12.00 for a total of $1,140.00 without providing any overtime premium for hours worked in excess of forty (40) in a week;

   b.   For the two week pay period ending November 18, 2012, Named Plaintiff worked eighty-five (85) hours and was paid an hourly rate of $12.00 for a total of $1,020.00 without providing any overtime premium for hours worked in excess of forty (40) in a week;

   c.   For the two week pay period ending November 4, 2012, Named Plaintiff worked eighty-six (86) hours; and was paid an hourly rate of $12.00 for a total of $1,032.00 without providing any overtime premium for hours worked in excess of forty (40) in a week;

   d.   For the two week pay period ending March 25, 2012, Named Plaintiff worked ninety-two (92) hours; and was paid an hourly rate of $11.00 for a total of

$1,012.00 without providing any overtime premium for hours worked in excess of forty (40) in a week; and

e.   For the two week pay period ending May 22, 2011, Named Plaintiff worked ninety-five and a quarter (95.25) hours; and was paid an hourly rate of $9.00 for a total of $857.25 without providing any overtime premium for hours worked in excess of forty (40) in a week.

36.   Upon information and belief, during at least one workweek in the three year period preceding the filing of this lawsuit, Defendants failed to compensate Collective Plaintiffs at the rate of time-and-one-half their regular rate of pay for each hour that they worked in excess of forty (40) in a workweek by paying Collective Plaintiffs a flat hourly rate without providing any overtime premium.

37.   Defendants issued paychecks that compensated Named Plaintiff for straight time for all hours worked and did not pay an overtime premium for hours worked over forty (40) in a workweek.

38.   Upon information and belief, Defendants failed to pay an overtime premium to the Collective Plaintiffs for hours worked over forty (40) in a workweek.

39.   At no time did Named Plaintiff have the responsibility to hire or fire employees of Defendants.

40.   At no time did Collective Plaintiffs have the responsibility to hire or fire employees of Defendants.

41.   At no time did Named Plaintiff or Collective Plaintiffs exercise discretion and independent judgment over matters of significance for Defendants.

42.     At no time did Named Plaintiff or Collective Plaintiffs perform any meaningful or typical managerial and/or supervisory duties for Defendants.

43.     At no time did Defendants designate Named Plaintiff or Collective Plaintiffs as exempt employees under federal or state law.

44.     As a result of Defendants' aforesaid conduct, Named Plaintiff has suffered damages.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

45.     The foregoing paragraphs are incorporated herein as if set forth in full.

46.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

47.     At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

48.     At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

49.     Under the FLSA, an employer must pay a non-exempt employee at least one and one half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

50.     Defendants' violations of the FLSA include, but are not limited to, issuing paychecks that did not pay Named Plaintiff and Collective Plaintiffs any overtime premium for hours worked in excess of forty (40) per workweek and issuing paychecks designed to hide Defendants' unlawful conduct by paying a flat hourly rate for all hours worked, even those worked in excess of forty (40) per workweek.

51.     Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

52.     As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**<u>Pennsylvania Minimum Wage Act</u>**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff v. Defendants)**

53.     The foregoing paragraphs are incorporated herein as if set forth in full.

54.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the PMWA.

55.     At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff.

56.     At all times relevant herein, Named Plaintiff was employed with Defendants as an "employee" within the meaning of the PMWA.

57.     Under the PMWA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty (40) hours per workweek.

58.     Defendants' violations of the PMWA include, but are not limited to not paying Named Plaintiff an overtime premium for each hour worked in excess of forty (40) hours per workweek.

59.     Defendants' conduct in failing to pay Named Plaintiff in accordance with Pennsylvania law was willful and not based upon any reasonable interpretation of the law.

60.     As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**COUNT III**
**Pennsylvania Wage Payment Collection Law**
**(Failure to pay Wages Earned)**
**(Named Plaintiff v. Defendants)**

61.     The foregoing paragraphs are incorporated herein as if set forth in full.

62.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the PWPCL.

63.     At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff.

64.     At all times relevant herein, Named Plaintiff was employed with Defendants as an "employee" within the meaning of the PWPCL.

65.     Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

66.     Defendants' violations of the PWPCL include, but are not limited to, not paying proper overtime compensation for all hours worked over forty in a workweek.

67.     Defendants' conduct in failing to pay Named Plaintiff in accordance with Pennsylvania law was willful and not based upon any reasonable interpretation of the law.

68.     As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to compensate, reimburse, and make Named Plaintiff and Collective Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions.

(2)    Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages pursuant to the FLSA

(3)    Named Plaintiff is to be awarded liquidated damages pursuant to the Pennsylvania Wage Laws;

(4)    Named Plaintiff and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5)    Named Plaintiff and Collective Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

/s/ Justin L. Swidler
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: January 9, 2014